## EDWARD P. WOODWORTH vs. MARIA COMSTOCK.

A woman who has never been married and has no children cannot hold an estate of homestead under *St.* 1855, *c.* 238.

WRIT OF ENTRY to recover possession of land upon which the demandant had levied an execution against the tenant.

At the trial in the superior court, before *Rockwell*, J., the tenant offered evidence tending to prove that the land was conveyed to her on the 18th of April 1855, and that she lived upon it with her mother; and she contended that by reason thereof she was entitled to hold it as a homestead, and the judge so ruled, and reported the case for the determination of this court

*I. Sumner*, for the demandant.

*H. W. Bishop*, for the tenant.

DEWEY, J. The exemption of a homestead estate, to the value of $800, from a levy of execution thereon for the debt of the owner, is a right created exclusively by statute, and must depend upon the peculiar phraseology of the statutes giving such exemption. The present claim to hold such an estate arises under *St.* 1855, *c.* 238, § 1, by which it was enacted that " there shall be exempted, to the value of eight hundred dollars, the homestead farm or the lot and buildings thereon, occupied as a residence and owned by the debtor, . . . . he being a householder and having a family." Looking at the provisions of this statute, it would seem quite clear that they do not embrace the case of an unmarried woman having no children.

Whether the statute gives such estate of homestead as an original right to a widow having children, in case she was the owner of a lot and buildings occupied by her at the time this statute took effect, it is unnecessary to decide in the present case.